UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | | |
|---|---|---|
| JAMES C. WALKER, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Nos.: 3:04-cr-004 |
| | ) | 3:07-cv-295 |
| UNITED STATES OF AMERICA, | ) ) | (VARLAN/SHIRLEY) |
| Respondent. | ) | |

**MEMORANDUM**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner James C. Walker ("Walker"). For the following reasons, the § 2255 motion will be **GRANTED** to the extent Walker's sentence will be **VACATED** and Walker shall be **RESENTENCED**.

I. Standard of Review

This Court must vacate and set aside Walker's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, Walker "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

II. Factual Background

Walker pleaded guilty to armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d), and was sentenced as a career offender to a term of imprisonment of 208 months; his sentence was ordered to run consecutive to his state sentence. Walker's sentence was affirmed on direct appeal. *United States v. Walker*, 188 F. App'x. 433 (6th Cir. July 28, 2006) (unpublished opinion). Walker's plea agreement is at the core of his pending § 2255 motion.

The plea agreement provided that the Court "may impose any lawful term of imprisonment up to the statutory maximums." [Criminal Action No. 3:04-cr-04, Doc. 20, Plea Agreement, p. 1, ¶ 2(a)]. Walker acknowledged his understanding that his case was governed by the Sentencing Guidelines and that "the Court will determine the appropriate sentence under the Sentencing Guidelines based upon the entire scope of his criminal conduct, his criminal history, and pursuant to other factors and guidelines set forth in the Sentencing Guidelines." [*Id.* at 2, ¶ 4]. The plea agreement also contained the following provision: "The parties further agree that the defendant's sentence is to commence on the date he is sentenced by the Court." [*Id.* at 4, ¶ 11]. The rationale behind such a provision would have been to ensure that Walker's federal sentence was served concurrent with his state sentence.

Walker was sentenced eight months later. In a Sentencing Memorandum, his attorney asked the Court to sentence Walker below the advisory guideline range of 188-235 months, contending that the advisory guideline range was "way too high" given Walker's

circumstances. [*Id.*, Doc. 22, Sentencing Memorandum, p. 3]. At the time of his federal offense, Walker was on parole for seven state convictions for aggravated robbery and one conviction for robbery, which convictions resulted in a consolidated sentence of 21 years. [*Id.* at 1]. Defense counsel noted that Walker's parole on his state convictions had been revoked as a result of his federal charge and that his state sentence would not expire until 2016; thus counsel argued that, considering Walker had to finish serving his state sentence before beginning his federal sentence, a reasonable sentence would be one below the guideline range. [*Id.* at 2].

In her response to the Sentencing Memorandum, the Assistant U.S. Attorney (AUSA) asked the Court to sentence Walker within the guideline range. [*Id.*, Doc. 23, p. 3]. In doing so, she referred to Walker's seven prior armed robbery convictions. [*Id.*].

At sentencing, Walker's attorney again asked the Court to sentence Walker below the advisory guideline range. [*Id.*, Doc. 33, Transcript of Proceedings, pp. 5-13]. In addition, defense counsel asked the Court to start Walker's sentence as of the date of sentencing, in order to run his federal sentence concurrent with his state sentence. [*Id.* at 7-10]. When asked by the Court to address the issue of concurrent or consecutive sentencing, the AUSA argued that Walker's federal sentence should be consecutive to his state sentence. [*Id.* at 13-15]. Neither defense counsel nor the AUSA mentioned the parties' agreement in the plea agreement that Walker's sentence should commence on the day of sentencing.

After noting Walker's prior convictions, the Presentence Report as a whole, and the sentencing factors set forth in 18 U.S.C. § 3553, the Court sentenced Walker to 208 months

3

in prison and ordered his sentence to be served consecutive to his state sentence. [*Id*. at 17-20]. At the conclusion of sentencing, the Court accepted the plea agreement. [*Id*. at 23].

On direct appeal, Walker contended his sentence was unreasonable in light of *United States v. Booker*, 543 U.S. 220 (2005), and that his sentence was unreasonably excessive because it was consecutive to his state sentence. The Sixth Circuit disagreed with both arguments and affirmed the sentence. *United States v. Walker*, 188 F. App'x. at 437. There is nothing in the record to suggest that the Sixth Circuit was advised of the parties' agreement regarding concurrent sentencing.

Walker now alleges the following nine claims in support of his § 2255 motion, all of which relate to the parties' agreement in his plea agreement that his sentence should commence on the day of sentencing: (1) defense counsel was ineffective for not objecting to consecutive sentencing as opposed to concurrent sentencing as provided in the plea agreement; (2) defense counsel was ineffective for failing to advise the Court of the provision for concurrent sentencing in the plea agreement; (3) defense counsel and the prosecutor conspired to deprive Walker of his rights because they knew the plea agreement would be breached at sentencing; (4) the sentencing judge changed the terms of the plea agreement; (5) defense counsel was ineffective for not explaining the ramifications of the plea agreement; (6) the sentencing Court ignored the mandatory provisions for acceptance of a plea agreement; (7) appellate counsel was ineffective for arguing on direct appeal the same meritless argument he made at the trial court level; (8) appellate counsel was ineffective for

not raising on appeal the breach of the plea agreement; and (9) specific performance is required to honor the plea agreement.

III.     Discussion

The seminal case regarding enforcement of plea agreements is *Santobello v. New York*, 404 U.S. 257 (1971), in which the Supreme Court held that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Id*. at 262. In *Santobello*, the petitioner agreed to plead guilty to a lesser-included offense after the prosecutor agreed to make no recommendation as to sentence. At the sentencing many months later, a new prosecutor recommended the maximum sentence, which the district court imposed. The Supreme Court found that the prosecution had breached the plea agreement, noting "[t]hat the breach of the agreement was inadvertent does not lessen its impact." *Id*. The Court vacated the petitioner's sentence and remanded for consideration of whether there should be specific performance of the plea agreement or whether the petitioner should be allowed to withdraw his guilty plea. *Id*. at 263.

In *United States v. McNeil*, 573 F.3d 479 (7th Cir. 2009), the Seventh Circuit was confronted with an issue very similar to the one in this case. Defendant McNeil and the government agreed in a plea agreement to a joint recommendation that McNeil's sentence for being a felon in possession would run concurrent "with *any* state sentence he was serving." *Id*. at 480 (emphasis in original). The district court ran McNeil's federal sentence concurrent

with two state sentences, believing that a third sentence had expired. Because it was impossible to tell from the record whether the third sentence had expired, the Seventh Circuit found that "the district court erred by not determining the status of the third state sentence." *Id*. The case was remanded for determination of the status of the third sentence and resentencing if necessary. *Id*.

In doing so, the Seventh Circuit referred to the parties' joint recommendation for concurrent sentences in the plea agreement and stated: "This provision of the plea agreement is binding on the sentencing court under Federal Rule of Criminal Procedure 11, and therefore the court was required to order the federal sentence concurrent with all undischarged state sentences once it accepted the plea agreement." *Id*. at 482.

The Eighth Circuit has reached the same conclusion. *See United States v. Van Thournout*, 100 F.3d 590, 595 (8th Cir. 1996) ("In the present case, the plea agreement required the government to recommend concurrent sentences, and the government breached the plea agreement by recommending consecutive sentences."); *see also United States v. Fowler*, 445 F.3d 1035, 1938 (8th Cir. 2006) ("A plea agreement involves matters of constitutional significance, however, and the failure of the government to abide by the promises made therein violates a defendant's due process rights.") (citations omitted).

This Court is not aware of any Sixth Circuit decisions on the question precisely before this Court, which is whether the Court was bound by the plea agreement to order concurrent sentencing. Nevertheless, the Sixth Circuit has declared that "[p]lea agreements are contractual in nature, and as such, courts are guided by general principles of contract

interpretation when construing plea agreements. Plea agreements are to be enforced according to their terms." *United States v. Moncivais*, 492 F.3d 652, 662 (6th Cir. 2007) (internal citation omitted); *see also United States v. Mandell*, 905 F.2d 970, 972 (6th Cir. 1990) ("[O]nce the district court accepts the plea agreement, it is bound by the bargain.") (citation omitted). "A breached plea agreement may be remedied by either specific performance of the agreement or by allowing the defendant to withdraw the plea." *Id*. at 973 (citing *Santobello v. New York*, 404 U.S. at 263).

The AUSA who prosecuted Walker, responding to his § 2255 motion on behalf of the government, acknowledges that the plea agreement provided that Walker's sentence was to commence on the day he was sentenced. [Criminal Action No. 3:04-cr-04, Doc. 43, Response, p. 7]. She further acknowledges that neither she nor defense counsel advised the Court of the parties' agreement, stating that she "simply forgot that this provision was included in the plea agreement, a wholly unintentional oversight. No doubt counsel for petitioner likewise overlooked the provision." [*Id*. at 8].

The fact that both counsel may have overlooked the provision, however, does not negate that fact that it was a part of the plea agreement. In addition, the Court imagines that having a federal sentence of over 17 years run concurrent with a state sentence that would not expire until 2016, thereby reducing Walker's total incarceration by a number of years, would have been a significant inducement for Walker to enter a guilty plea.

The government further contends that the plea agreement was not binding on this Court. According to the government, even if counsel had brought to the Court's attention the

agreement at issue, the Court was free to exercise its discretion and impose consecutive sentencing despite the parties' agreement.

In support of this argument, the government refers to the two types of plea agreements: those in which the government agrees to a specific sentence or sentencing range and which are binding on the court once the court accepts the plea agreement, Fed. R. Crim. P. 11(c)(1)(C), and those in which the government agrees to make a recommendation as to sentencing, which recommendation is not binding on the court, *id.*, Rule 11(c)(1)(B). With respect to the former, a defendant may withdraw his guilty plea if the court rejects the plea agreement. *Id.*, Rule 11(c)(5) and (d)(2). As to the latter, a defendant may not withdraw his guilty plea if the court does not follow the recommendation and the defendant must be advised of that fact. *Id.*, Rule (c)(3)(B).

The government stresses that had the parties intended a binding sentencing provision, the plea agreement would have specifically referred to Rule 11(c)(1)(C). The plea agreement itself, however, merely stated that it was pursuant to Rule 11 of the Federal Rules of Criminal Procedure and did not specify either Rule 11 (c)(1)(B) or (C). [Criminal Action No. 3:04-cr-04, Doc. 20, Plea Agreement, p. 1].

In the plea agreement, Walker acknowledged his understanding "that he will not be permitted to withdraw from this plea agreement nor withdraw his guilty plea based upon estimates anyone may have made as to his possible sentence." [*Id*. at 2-3, ¶ 5]. And during the guilty plea colloquy, Walker was advised by the Court that he would not be permitted to withdraw his guilty plea based upon the sentence he received. [*Id.*, Doc. 34, Transcript of

Proceedings, pp. 11-12]. The government insists that, because the language of the plea agreement and the Court's advice to Walker tracked Rule 11(c)(3)(B), the plea agreement contained a discretionary sentencing recommendation under Rule 11(c)(1)(B) which was not binding on the Court.

This argument again overlooks the fact that the parties agreed to a specific sentence structure, i.e., concurrent sentencing, yet the parties through counsel did not so advise of this agreement at the sentencing hearing. Thus, while it may be within the Court's discretion whether to impose a concurrent or consecutive sentence, if the Court determines that a consecutive sentence is proper, then concomitantly the Court must afford Walker the opportunity to withdraw his guilty plea.

IV.  Conclusion

Upon review of the motion and the record, the Court finds that Walker's motion to vacate, set aside or correct sentence should be **GRANTED**. An evidentiary hearing is not required. Rule 8(a) of the Rules Governing Section 2255 Proceedings In The United States District Courts. Walker's sentence shall be **VACATED** and Walker shall be **RESENTENCED**. A hearing for resentencing is scheduled for **Thursday, June 10, 2010, at 11:00 a.m.** At that time the Court will consider whether Walker is entitled to specific performance of the terms of the plea agreement or whether he should be afforded the opportunity to withdraw his guilty plea.

Counsel will be appointed if Walker cannot afford an attorney to represent him on resentencing. Accordingly, the Clerk is **DIRECTED** to send petitioner a CJA 23 Financial Affidavit for appointment of counsel, which Walker should complete and return, within thirty (30) days of the date of this Memorandum, if he seeks appointed counsel. The Clerk is further **DIRECTED** to close this civil file.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE