UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:04-CR-0004 |
| | ) | |
| JAMES C. WALKER, | ) | (VARLAN/SHIRLEY) |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This case is before the Court on the Defendant's *pro se* request for counsel [Doc. 59], which was docketed as a motion on February 20, 2015, and referred [Doc. 62] to the undersigned on May 8, 2015. In his *pro se* filing, the Defendant requests this Court to appoint counsel in order to pursue an amended judgment. [Doc. 59]. The Defendant filed a motion to amend or revise his judgment on March 16, 2015, requesting that the Court amend his judgment and commitment order to reflect "credit for time served in federal custody from Jan. 27, 2004 to March 21, 2005[.]" [Doc. 60].

In the instant motion, the Defendant requests the Court to appoint counsel to assist him in the filing of a motion to amend his judgment and commitment order. [Doc. 59]. The Court interprets Defendant's request as a motion for appointment of counsel to assist Defendant in filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241, see Raymer v. Barron, 82 F. App'x 431, 432 (6th Cir. 2003) ("Section 2241 is reserved for challenges to the execution of a sentence rather than its validity.") (citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)), or under 18 U.S.C.A. § 3585(b) for credit for prior custody. Section 2241 permits the

Court to consider the appointment of counsel "[w]henever the United States magistrate judge or the court determines that the interests of justice so require[.]"

However, a request for relief pursuant to 18 U.S.C.A. § 3585(b) is for the Bureau of Prisons and not the sentencing court, see United States v. Wilson, 503 U.S. 329, 335 (1992) ("the Attorney General, through the BOP, has the responsibility for administering the sentence"), and a request for relief under 28 U.S.C. § 2241 must be filed in the district court in the United States District where the prisoner is incarcerated. Section 2241(a) states, "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had." Accordingly, "habeas corpus proceedings may occur in a court of confinement that is different from the court of conviction." Martin v. Perez, 319 F.3d 799, 802-03 (6th Cir. 2003). This case is similar to Jilili, in which the court explained:

> In the present case, defendant Jalili is attacking the execution of the sentence, rather than alleging that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose the sentence, or that it was in excess of the maximum authorized by law, or otherwise subject to collateral attack. Because defendant Jalili is challenging the manner in which the sentence was being executed, rather than the validity of the sentence itself, Section 2255 does not apply. . . For these reasons, we believe the district court did not have subject matter jurisdiction under 28 U.S.C. § 2255 to vacate the original sentence.

Jalili, 925 F.2d at 893-94 (citing United States v. Hutchings, 835 F.2d 185, 186 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1980)). As our Supreme Court explained, "[t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person

who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95 (1973) (citing Wales v. Whitney, 114 U.S. 564, 574 (1885).

Here, the Defendant is incarcerated at the Federal Correctional Complex in Beaumont Texas, [see Doc. 59 at 2], serving a sentence of 208 months, pursuant to the Judgment entered on August 4, 2010 [Doc. 57]. Accordingly, it is **RECOMMENDED** that this matter be dismissed by separate order from the District Court for want of jurisdiction.

    Respectfully Submitted,

    s/ C. Clifford Shirley, Jr.
    United States Magistrate Judge