UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:04-CR-4-1-TAV-CCS |
| ) | |
| JAMES C. WALKER, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

This criminal case is before the Court on the defendant's pro se motion to amend the judgment [Doc. 60] and the Report and Recommendation entered by United States Magistrate Judge C. Clifford Shirley Jr. on July 1, 2015 (the "R&R") [Doc. 65].

In the motion to amend the judgment [Doc. 60], the defendant requests that the Court amend the judgment in this case to provide that the defendant's federal sentence began on January 27, 2004, the date that he came into federal custody, rather than March 21, 2005, the date that he was sentenced. The defendant states that he seeks such an amendment in order to receive credit for time served. The government has not responded to the motion, and its time in which to do so has passed. E.D. Tenn. R. 7.1, 7.2.

In the R&R [Doc. 65], Magistrate Judge Shirley recommends that the Court dismiss this matter for lack of jurisdiction as to the defendant's pro se motion to appoint counsel [Doc. 59], which Magistrate Judge Shirley construes as seeking the appointment of counsel to assist the defendant in preparing a habeas corpus petition pursuant to 28

U.S.C. § 2241. There have been no objections to the R&R, and enough time has passed since the filing of the R&R to treat any objections as having been waived. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Fed. R. Crim. P. 51.

The calculation of a term of imprisonment for a federal prisoner, including any award of credit for time served, is governed by 18 U.S.C. § 3585.[1] "This Court cannot grant or compute sentence credits under 18 U.S.C. § 3585(b). That task is reserved for the Attorney General of the United States through the [Bureau of Prisons]." *United States v. Williams*, 2008 WL 3850212, at *1 (W.D. Tenn. Aug. 18, 2008) (citing *United*

---

[1] Section 3585 provides:

> (a) Commencement of sentence.—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585.

*States v. Wilson*, 503 U.S. 329, 333–34 (1992) and *United States v. Cobleigh*, 75 F.3d 242, 251 (6th Cir. 1996)).

Thus, a prisoner seeking credit for time spent in custody must first exhaust his administrative remedies through the Bureau of Prisons, *Wilson*, 503 U.S. at 335, and failing that, petition the district court for habeas corpus review pursuant to 28 U.S.C. § 2241, *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993). Any such petition should be filed in the district where the prisoner is being held. *See United States v. Garcia-Echaverria*, 374 F.3d 440, 449 (6th Cir. 2004) ("Absent special circumstances not present here, a petition for a writ of habeas corpus is properly filed only in a court that has personal jurisdiction over the alien's immediate custodian.").

Here, the defendant is incarcerated in Beaumont, Texas. Therefore, even if the defendant had exhausted his administrative remedies—which has not been shown—the Court would not have jurisdiction over any habeas corpus petition brought pursuant to § 2241. Additionally, the defendant has not provided any other statutory basis for relief. *See United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001) (stating that "[t]he authority of a district court to resentence a defendant is limited by statute" and "18 U.S.C. § 3582(c)(1)(B) expressly prohibits . . . resentencing of a defendant beyond those exceptions expressly enacted by Congress").

Therefore, the Court concludes that it lacks jurisdiction to grant the relief that the defendant seeks. Accordingly, the Court is in agreement with Magistrate Judge Shirley's analysis and recommendations, which the Court adopts and incorporates into its ruling.

Consequently, the Court **ACCEPTS IN WHOLE** the R&R [Doc. 65], and the defendant's motions [Doc. 59; Doc. 60] are **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE