UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | | |
|---|---|---|---|
| JAMES C. WALKER, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos.: | 3:04-CR-4-TAV-CCS-1 |
| | ) | | 3:16-CV-208-TAV |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## **MEMORANDUM OPINION**

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 69]. The United States responded in opposition on June 2, 2016 [Doc. 72]; Petitioner replied in turn on June 16, 2016 [Doc. 73]. For the reasons below, Petitioner's § 2255 motion [Doc. 69] will be **DENIED** and **DISMISSED WITH PREJUDICE**.

**I.     BACKGROUND**

In 2008, Petitioner pled guilty to and was subsequently convicted of armed bank robbery, in violation of 18 U.S.C. § 2113 [Docs. 19–21]. Based on eight prior Tennessee convictions— one for simple robbery and seven for aggravated robbery, the United States Probation Office deemed Petitioner to be a career offender under Section 4B1.1 of the United States Sentencing Guidelines [Presentence Investigation Report (PSR) ¶¶ 20, 28–35]. On March 21, 2005, this Court sentenced Petitioner to 208 months' imprisonment and ordered that that sentence run consecutive to several separate state-court sentences from the Blount Count Circuit Court [Doc. 25]. Petitioner appealed, but the Sixth Circuit affirmed his conviction and sentence [Doc. 29].

On July 30, 2007, Petitioner filed a § 2255 petition arguing that this Court erred when it ordered that his federal sentence run consecutive to the state sentences in contradiction of the

parties' stipulation in Petitioner's plea agreement that the federal sentence would run concurrent [Docs. 38, 39].  This Court granted the petition, reimposed a 208-month sentence, and ordered that the reimposed sentence run concurrent to Petitioner's state-court sentences [Docs. 49, 50].

The United States Supreme Court decided *Johnson v. United States*—invalidating the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)—on June 26, 2015.  135 S. Ct. 2551 (2015).  Petitioner filed the instant petition for collateral relief on April 28, 2016 [Doc. 69 (challenging validity of his career offender enhancement and seeking "full credit" for time served in state custody for the Blount Count Circuit Court offenses)].

## II. TIMELINESS OF PETITIONER'S CLAIMS

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.  28 U.S.C. § 2255(f).  Supreme Court precedent makes clear that *Johnson*'s invalidation of the ACCA residual clause amounted to a new rule made retroactively applicable on collateral review.  *See Welch v. United States*, 136 S. Ct. 1257, 1265 (U.S. 2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."); *In re Windy Watkins*, 810 F.3d 375, 380–81 (6th Cir. 2015) (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on

2

collateral review and thus triggers § 2255(h)(2)'s requirement for certification of a second or successive petition). It is yet to be seen whether the same is true of the "new rule" that results from application of *Johnson*'s reasoning in the Guideline context. *See Pawlak v. United States*, 822 F.3d 902, 911 (6th Cir. 2016) (holding that *Johnson*'s vagueness analysis applies equally to the Guidelines and, as a result, that the parallel residual provision contained in Section 4B1.2 was void for vagueness); *but see In re Embry*, No. 16-5447, 2016 WL 4056056, at *1 (6th Cir. July 29, 2016) (recognizing that "it is not clear whether to treat *Pawlak* as a new rule that the Supreme Court has not yet made retroactive [to cases on collateral review] or as a rule dictated by *Johnson* that the Supreme Court has made retroactive"). The Court finds that it need not resolve the issue here, however, because the *Johnson* decision has no impact on Petitioner's case.

### III. STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

### IV. ANALYSIS

Petitioner articulates two grounds for relief: first, he argues that the *Johnson* decision removed an unspecified number of prior convictions from Section 4B1.2's definition of "crime

3

of violence" and that he no longer has sufficient predicates for enhancement; second, he claims that he has not received "full credit" for time served "in federal custody" [Doc. 69].

A. **Propriety of Career Offender Enhancement After the *Johnson* Decision**

The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563. The Court went on to make clear, however, that its decision did "not call into question . . . the remainder of the [ACCA's] definition of violent felony," i.e., the use-of-physical-force and enumerated-offense clauses. *Id.* Nor did *Johnson* disturb the use of prior serious drug offenses.

Section 4B1.1 classifies a defendant as a career offender if (1) he or she was at least eighteen years old at the time the defendant committed the instant offense; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) he or she has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S. Sentencing Manual § 4B1.1(a). Only Petitioner's satisfaction of the third prong—possession of two qualifying predicate convictions—is disputed [Doc. 45].

4

The validity of Petitioner's sentence thus depends on whether two or more of his prior convictions qualify as "crimes of violence" under one of the unaffected provisions of Section 4B1.2(a) or as "controlled substance offenses" under Section 4B1.2(b). *See e.g.*, *United States v. Ozier*, 796 F.3d 597, 604 (6th Cir. 2015) (explaining courts need not decide what import, if any, *Johnson* has on the Sentencing Guidelines' residual clause where the petitioner's prior convictions qualify as predicate offenses independent of the residual clause), *overruled on other grounds by Mathis v. United States*, 136 S. Ct. 2243, 2251 n. 1 (2016). To determine whether an offense qualifies under one of the above provisions, courts must first identify the precise crime of conviction by employing a "categorical approach," looking "only to the statutory definitions—elements—of a prior offense, and not to the particular facts underlying [each individual] conviction[]." *Descamps v. United States*, 133 S. Ct. 2276, 2283, 2285 (2013).

Review of Petitioner's PSR reveals that a sufficient number of his prior convictions categorically qualify as predicate offenses independent of the residual clause and, as a result, the Court finds that he has failed to demonstrate an entitlement to collateral relief. Specifically, binding Sixth Circuit precedent dictates that all eight of Petitioner's prior robbery convictions qualify as crimes of violence under the use-of-physical force clause. *See United States v. Taylor*, 800 F.3d 701, 719 (6th Cir. 2015) ("[T]he Supreme Court's holding in *Johnson* leaves unaffected the Court's determination that simple robbery in Tennessee is a predicate offense under the 'use-of-physical-force' clause."); *United States v. Bailey*, No. 14-6524, 2015 WL 4257103, at *4 (6th Cir. July 15, 2015) ("Tennessee convictions for aggravated robbery and robbery are categorically violent felonies under the ACCA's use-of-physical-force clause."); *United States v. Mitchell*, 743 F.3d 1054, 1058–60 (6th Cir. 2014) (holding Tennessee robbery is categorically a violent felony under the use-of-physical-force clause). The *Johnson* decision did not impact that

5

categorization. S*ee United States v. Kemmerling*, 612 F. App'x 373, 375–76 (6th Cir. 2015) (reiterating that the *Johnson* decision did not affect the use-of-physical-force clause).

### B. Request for "Full Credit" of Time Served in State Custody

In addition to challenging his career offender enhancement, Petitioner seeks "credit" toward his federal sentence for time that he spent "in federal custody" on January 26, 2004 as a result of the writ of habeas corpus [Doc. 69 p. 3]. The Court declines for two reasons. First, 18 U.S.C. 3585(b)—which addresses the calculation of terms of imprisonment and credit for prior custody—places discretion for the award of sentencing credits with the Attorney General acting through the Bureau of Prisons, not the sentencing district court. *See, e.g.*, *United States v. Petters*, 470 F.3d 907, 909 (9th Cir. 2006) ("[U]nder 3585's statutory scheme, credits cannot be calculated until the defendant commences servicing his sentence. . . . [D]istrict courts lack authority at sentencing to give credit for time served." (citing *United States v. Wilson*, 503 U.S. 329, 334-35 (1992))). Second, this Court's records confirm that Petitioner was technically in state custody at the time of the writ [Doc. 2], and Petitioner appears to concede that he received credit for that time toward his state sentences. The Sixth Circuit has unequivocally held that "time which has been credited towards service of a state sentence may not be 'double counted' against a federal sentence." *United States v. Lytle*, 565 F. App'x 386, 392 (6th Cir. 2014). Accordingly, Petitioner is not entitled to the requested jail credit.

### V. CONCLUSION

For the reasons discussed above, Petitioner's § 2255 motion [Doc. 69] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal

6

Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

    **ORDER ACCORDINGLY.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

7

Case 3:04-cr-00004-TAV-CCS   Document 76   Filed 01/05/17   Page 7 of 7   PageID #: 140